1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6    ABRAHAM AUSTIN,                              Case No. 3:19-cv-00346-MMD-CBC

7                              Petitioner,                  ORDER
          v.
8
     WARDEN BILL GITTERE, et al.,
9
                             Respondents.
10

11

12          On August 6, 2019, the Court reviewed Petitioner Abraham Austin's 28 U.S.C. §

13   2254 habeas corpus petition, ordered the Clerk to file the petition, and directed

14   Respondents to file a responsive pleading (*see* ECF No. 5).

15          Petitioner has sent a letter to the Court expressing confusion because he also filed

16   another petition in case number 2:19-cv-00468-APG-VCF challenging the same judgment

17   of conviction. That petition was dismissed, and judgment was entered. *Austin v. State of*

18   *Nevada*, 2:19-cv-00468-APG-VCF, ECF Nos. 10, 11.

19          First, the Court stresses that parties must not communicate with the Court via

20   letter. A document requesting a court order (including seeking clarification of an order)

21   must be styled as a motion, not a letter. *See* Fed. R. Civ. P. 7.

22          Here, in the interests of judicial efficiency, Petitioner's letter will be filed and

23   docketed as a motion for clarification. Second, the motion as construed is granted. The

24   Court clarifies that litigation is proceeding in this case. (*See* ECF No. 5). Case number

25   2:19-cv-00468-APG-VCF is closed.

26          Finally, the Court notes that any further letters to the judge will be disregarded.

27          It is ordered that the Clerk shall file Petitioner's letter dated October 23, 2019 and

28   docket it as motion for clarification.

1    It is further ordered that the motion for clarification is granted as set forth in this

2    order.

3

4    DATED THIS 1st day of November 2019.

5

6    _____
     MIRANDA M. DU
7    CHIEF UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10/23/2019

Dear Miranda M. DU

your Honor, I will like to thank you for proceding over
my case number 3:19-cv-00346-MMD-CBC. But on Oct 23, 2019
I was informed by Judge Andrew Gordon that my case
number 2:19-cv-00468-APG-VCF has been denied. I informed
him via letter that you are my judge and that my case
number has been changed. I am confused because Jugde
Gordon is ruling on the wrong number case and why does
he feel he is my judge? My case number has changed
and all my paper work is correct. Why did he make this
ruling on the case?

Thank you Judge Miranda M. DU
U.S District Judge

Abraham Austin

# Judgments, Minute Orders/Orders & Writs

<u>2:19-cv-00468-APG-VCF Austin v. State of Nevada et al</u>

HABEAS,P1

## United States District Court

### District of Nevada

## Notice of Electronic Filing

The following transaction was entered on 10/23/2019 at 8:06 AM PDT and filed on 10/22/2019
**Case Name:**        Austin v. State of Nevada et al
**Case Number:**      <mark>2:19-cv-00468-APG-VCF</mark>
**Filer:**
**WARNING: CASE CLOSED on 10/22/2019**
**Document Number:** 10

**Docket Text:**
ORDER. <mark>IT IS ORDERED</mark> that this action is <mark>DISMISSED without prejudice.</mark> A certificate of appealability is <mark>DENIED.</mark> IT IS FURTHER ORDERED that the Clerk of Court is further directed to enter final judgment accordingly. <mark>Signed by Judge Andrew P. Gordon on 10/22/2019.</mark> (Copies have been distributed pursuant to the NEF - Encl.: two copies of the inmate IFP application and the form for 28 U.S.C. § 2254 petitions - ADR)

**2:19-cv-00468-APG-VCF Notice has been electronically mailed to:**

**2:19-cv-00468-APG-VCF Notice has been delivered by other means to:**

Abraham Austin
1132483
HC 67-50
Wells, NV 89835

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1101333072 [Date=10/23/2019] [FileNumber=9470544-0] [6aba5fa9e2bd93bbeaa660cf16f1a8ce3cdd850399d620c5c93bc7d7467acefe54 f87a6b61fc243a518f8849628a7b8621b34b6122fc9df851c25da9885dad3b]]

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ABRAHAM AUSTIN, | Case No. 2:19-cv-00468-APG-VCF |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by Abraham Austin, a Nevada state prisoner. The filing fee has been paid. I now conduct a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. I also consider Austin's motion for appointment of counsel.

While the amended petition remains deficient because it names the wrong respondent, I will allow Austin one final opportunity to name the correct respondent: the warden or director of the institution where he is being housed.[1] If Austin fails to do so, this action will be dismissed without prejudice and without further advance notice, notwithstanding the fact it has been served on the respondents and a response directed.

I deny Austin's motion for appointment of counsel because counsel is not justified here. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228,

---

[1] I do so because it appears that Austin attempted to comply with my prior order directing him to file an amended petition naming the correct respondent. While he filed an amended petition, he continues to name the wrong respondent.

1 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). But counsel must be appointed if the

2 complexities of the case are such that denial of counsel would amount to a denial of due process,

3 and where the petitioner is a person of such limited education as to be incapable of fairly

4 presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948

5 (8th Cir.1970). Here, the petition is sufficiently clear in presenting the issues, and the legal

6 issues are not particularly complex. Therefore, counsel is not justified.

7      It is therefore ordered that petitioner's motion for appointment of counsel **(ECF No. 2) is**

8 **denied.**

9      **It is further ordered that petitioner will file an amended petition naming as**

10 **respondent the warden or director of the institution where he is being housed by August**

11 **20, 2019**. Failure to do so will result in the dismissal of the petition without further notice.

12      It is further ordered that the Clerk shall add Nevada Attorney General Aaron D. Ford as

13 attorney for the respondents and shall informally electronically serve the Nevada Attorney

14 General with a copy of the petition and this order.

15      It is further ordered that the respondents shall file a response to the amended petition,

16 including potentially by motion to dismiss, by **October 15, 2019**, and that Austin may file a

17 reply thereto within 30 days of service of the answer. The response and reply time to any motion

18 filed by either party, including a motion filed in lieu of a pleading, shall be governed by Local

19 Rule LR 7-2(b).

20      It is further ordered that any procedural defenses raised by the respondents shall be

21 asserted together in a single consolidated motion to dismiss. The respondents shall not file a

22 response that consolidates their procedural defenses, if any, with their response on the merits,

23 except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If

1  the respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so

2  within the single motion to dismiss not in the answer; and (b) they shall specifically direct their

3  argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406

4  F.3d 614, 623-24 (9th Cir. 2005).  All procedural defenses, including exhaustion, must be raised

5  by motion to dismiss.

6      It is further ordered that, in any answer filed on the merits, the respondents shall

7  specifically cite to and address the applicable state court written decision and state court record

8  materials, if any, regarding each claim within the response as to that claim.

9      It is further ordered that the respondents shall file a set of state court exhibits relevant to

10  the response filed to the petition, in chronological order and indexed as discussed, *infra*.

11      It is further ordered that all state court record exhibits filed herein shall be filed with a

12  separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are

13  filed further shall be identified by the number or numbers of the exhibits in the attachment.  The

14  purpose of this provision is so that the court and any reviewing court thereafter will be able to

15  quickly determine from the face of the electronic docket sheet which numbered exhibits are filed

16  in which attachments.

17      The Clerk of Court shall send petitioner a copy of his amended petition (ECF No. 8) and

18  a copy of the form for 28 U.S.C. § 2254 petitions.

19      Dated: August 1, 2019.

20

21      ANDREW P. GORDON
        UNITED STATES DISTRICT JUDGE

22

23

1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                      * * *

9   ABRAHAM AUSTIN,                          | Case No. 3:19-cv-00346-MMD-CBC

10                          Petitioner,       |              ORDER
          v.

11
    WARDEN BILL GITTERE, *et al.*,

12
                          Respondents.

13

14          Petitioner Abraham Austin has filed a 28 U.S.C. § 2254 habeas corpus petition

15   and has now paid the filing fee (*see* ECF Nos. 1-1, 4). The Court has reviewed the Petition

16   pursuant to Habeas Rule 4, and it will be served on Respondents.

17          A petition for federal habeas corpus should include all claims for relief of which

18   Petitioner is aware. If Petitioner fails to include such a claim in his Petition, he may be

19   forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C.

20   §2254(b) (successive petitions). If Petitioner is aware of any claim not included in his

21   Petition, he should notify the Court of that as soon as possible, perhaps by means of a

22   motion to amend his petition to add the claim.

23          Austin also has submitted a motion for appointment of counsel (ECF No. 1-2).

24   There is no constitutional right to appointed counsel for a federal habeas corpus

25   proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999

26   F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary.

27   *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Bashor v. Risley*, 730 F.2d 1228,

28   1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case

1    are such that denial of counsel would amount to a denial of due process, and where the

2    petitioner is a person of such limited education as to be incapable of fairly presenting his

3    claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th

4    Cir.1970). Here, Austin's petition clearly presents the issues that he wishes to raise, and

5    the legal issues do not appear to be particularly complex. Therefore, counsel is not

6    justified. Austin's motion is denied.

7        Additionally the Court notes that no courtesy copies—except as specified at the

8    conclusion of this order—are required in this case at this time.

9        It is therefore ordered that the Clerk detach, file and electronically serve the

10   Petition (ECF No. 1-1) on Respondents.

11       It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General,

12   as counsel for Respondents.

13       It is further ordered that the Clerk detach and file Petitioner's motion for

14   appointment of counsel (ECF No. 1-2).

15       It is further ordered that Petitioner's motion for appointment of counsel (ECF No.

16   1-2) is denied.

17       It is further ordered that Respondents file a response to the Petition, including

18   potentially by motion to dismiss, within 90 days of service of the Petition, with any requests

19   for relief by Petitioner by motion otherwise being subject to the normal briefing schedule

20   under the local rules. Any response filed must comply with the remaining provisions

21   below, which are entered pursuant to Habeas Rule 5.

22       It is further ordered that any procedural defenses raised by Respondents in this

23   case must be raised together in a single consolidated motion to dismiss. In other words,

24   the Court does not wish to address any procedural defenses raised herein either in

25   seriatum fashion in multiple successive motions to dismiss or embedded in the answer.

26   Procedural defenses omitted from such motion to dismiss will be subject to potential

27   waiver. Respondents must not file a response in this case that consolidates their

28   procedural defenses, if any, with their response on the merits, except pursuant to 28

U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart,* 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner will have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that, at this time, the parties must send courtesy copies of any responsive pleading or motion and all indices of exhibits only to the Reno Division of this Court. Courtesy copies should be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED THIS 6th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3