UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ABRAHAM AUSTIN, | Case No. 3:19-cv-00346-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WARDEN BILL GITTERE, *et al.*, | |
| Respondents. | |

**I.   Summary**

Before the Court is Respondents' motion to dismiss (the "Motion") (ECF No. 17) Abraham Austin's *pro se* 28 U.S.C. § 2254 habeas corpus petition (the "Petition") because it contains unexhausted or noncognizable grounds. As discussed below, the Court grants the Motion in part.

**II.   Background & Procedural History**

In September 2014, a jury found Austin guilty of conspiracy to commit robbery (Count 1); burglary while in possession of a firearm (Count 2); first-degree kidnapping with use of a deadly weapon (Count 3); robbery with use of a deadly weapon (Count 4); battery with use of a deadly weapon (Count 5); and battery with intent to commit a crime (Count 6) (ECF No. 24-2).[1] The state district court sentenced him as follows: 12 to 36 months for Count 1; 24 to 84 months for Count 2; life with the possibility of parole after five years, plus a consecutive term of 24 to 96 months for the deadly weapon for Count 3; four to 10 years, plus a consecutive term of 24 to 96 months for the use of a deadly weapon for Count 4; credit for time served for Count 5; 24 to 62 months for Count 6; and

---

[1]Exhibits referenced in this order are exhibits to the Motion, ECF No. 17, and are found at ECF Nos. 18-25.

1

all counts are to run concurrently and with 424 days credit for time served. (ECF No. 24-5.)

The Nevada Supreme Court affirmed Austin's convictions in 2016 and affirmed the denial of his state postconviction habeas corpus petition in 2019. (ECF No. 25-27.)

Austin dispatched the Petition for filing in March 2019. (ECF No. 6.) Respondents filed this Motion on the bases that the claims are conclusory, noncognizable and/or unexhausted. (ECF No. 17.) Austin opposed, and Respondents replied (ECF Nos. 26, 27).

### III.  Discussion

#### A.  Conclusory Claims

Respondents argue that three subparts of ground 1 should be dismissed as conclusory (ECF No. 17 at 8-9). In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

**1. Ground 1(c)**

In ground1(c) Austin alleges, without elaboration, that his trial counsel conspired against him. (ECF No. 6 at 3.) While he offers specific factual allegations in support of some of his claims of ineffective assistance of trial counsel, he presents no factual allegations that his counsel intentionally acted against his interests. The Court dismisses this claim as conclusory.

**2. Ground 1(d)**

Austin claims appellate counsel was ineffective during Austin's direct appeal, which prevented Austin from having an evidentiary hearing. (ECF No. 6 at 4.) Austin offers no factual allegations to demonstrate how appellate counsel's actions or inaction deprived Austin of an evidentiary hearing. The Court therefore dismisses this claim as conclusory.

### 3. Ground 1(e)

Austin asserts that his appellate counsel was ineffective because counsel made false, unsupported statements on direct appeal. (ECF No. 6 at 3.) But he identifies no false or unsupported statements. Accordingly, the Court dismisses this claim as vague and conclusory.[2]

### B.     Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481

---

[2]Grounds 1(d), (c), and (e) are unexhausted because Austin did not present them to the highest state court. (See ECF No. 17 at 5; ECF Nos. 24-15, 25-22, 25-27.)

(9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

The Court will address the three grounds which Respondents contend are unexhausted.

**1. Ground 2(a)**

Austin contends that the Nevada Supreme Court erred by allowing the State to change its theory regarding Austin's kidnapping charge on direct appeal. (ECF No. 6 at 6.) Respondents argue that this claim is unexhausted. (ECF No. 17 at 6.) The Court notes that it is unclear that ground 2(a) states a claim for which federal habeas corpus relief may be granted, but Respondents are correct that Austin did not present this claim to the highest state court. (*See* ECF Nos. 25-22, 25-27.) Thus, ground 2(a) is unexhausted.

**2. Ground 2(b)**

Austin argues that trial counsel was ineffective for failing to argue regarding the State's theory on the kidnapping charge. (ECF No. 6 at 6.) In his appeal of the denial of his state postconviction petition Austin argued that the State changed its theory of kidnapping on appeal, and appellate counsel failed to challenge that change of theory.

4

(ECF No. 25-22 at 5.) However, Austin did not present federal ground 2(b) to the highest state court. (*See* ECF No. 25-22, 25-27.) Ground 2(b) is therefore unexhausted.

### 3. Ground 2(d)

Austin asserts that the evidence was insufficient to support both a kidnapping conviction and a weapon enhancement. (ECF No. 6 at 6-7.) On direct appeal, Austin presented a claim that insufficient evidence supported the convictions for both kidnapping and robbery. (ECF No. 24-15.) However, Austin never presented a claim of insufficient evidence to support both the kidnapping conviction and weapon enhancement. (*See* ECF No. 24-15, 25-22.) Ground 2(d) is therefore unexhausted.

### C.   Purported Eighth and Ninth Amendment Claims

Respondents point out that Austin presents his claims of ineffective assistance of counsel as violations of his Sixth, Eighth, and Ninth Amendment rights. (ECF No. 6 at 3-10; ECF No. 17 at 8.) Because such claims implicate Sixth Amendment rights, not rights under the Eighth or Ninth Amendment, the Court construes the Petition as setting forth Sixth Amendment claims for ineffective assistance of counsel.

## IV.   Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy,* 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.*

In the instant case, the Court dismissed grounds 1(c), 1(d), and 1(e) as conclusory, and grounds 2(a), 2(b), and 2(d) as unexhausted. Because the Court finds that the Petition contains unexhausted claims, Petitioner has these options:

> 1.   He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

    2.    He may return to state court to exhaust his unexhausted claims, in which case the Court will deny the Petition without prejudice[3]; or

    3.    He may file a motion asking this Court to stay his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated that a stay should be available only if there was good cause for the petitioner's failure to exhaust his claims first in state court, and such claims are not "plainly meritless." *Id.* at 277.

If Petitioner seeks a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Petitioner may thereafter reply. Alternatively, Petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in a dismissal of his Petition. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**V.**    **Conclusion**

It is therefore ordered that respondents' motion to dismiss (ECF No. 17) is granted as follows: grounds 1(c), 1(d), and 1(e) are dismissed; grounds 2(a), 2(b), and 2(d) are deemed unexhausted.

It is further ordered that Petitioner has 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted

---

[3]The Court makes no assurances as to the timeliness of any future-filed petition.

grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this court in a sworn declaration that he wishes to dismiss this Petition without prejudice in order to return to state court to exhaust his unexhausted grounds; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer should contain all substantive and procedural arguments as to all surviving grounds of the Petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner has 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that Respondents' motion for extension of time to file a response to the Petition (ECF No. 16) is granted *nunc pro tunc*.

DATED this 28th day of July 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE