UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ABRAHAM AUSTIN, | Case No. 3:19-cv-00346-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| WARDEN BILL GITTERE, *et al.,* | |
| Respondents. | |

Before the Court is *pro se* 28 U.S.C. § 2254 habeas corpus Petitioner Abraham Austin's motion to stay. (ECF No. 29.) In July 2020, this Court dismissed some claims from the petition and deemed three claims unexhausted. (ECF No. 28.) The Court directed Petitioner to choose one of the following options: (1) submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2) return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[1] or (3) file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

Petitioner responded to the Court's order with a filing entitled motion for stay and abeyance. (ECF No. 29.) However, as Respondents point out, it is unclear which option Petitioner wishes to pursue. (ECF No. 30.) He states: "I will proceed with my exhausted arguments in federal court . . . and return to the state level with my unexhausted arguments." (ECF No. 29 at 1.) Petitioner also states that he chooses "option 3" but he

---

[1]The Court makes no assurances as to the timeliness of any future-filed petition.

sets forth no arguments that he had good cause for failing to exhaust his claims and that the unexhausted claims are not plainly meritless.

Accordingly, while the Court construes Petitioner's filing as a motion for stay, the motion is denied without prejudice. Petitioner must file a new response to this Court's order directing him to choose one of the three options. If he files a new motion to stay, he must demonstrate good cause for his failure to exhaust his unexhausted claims in state court and present argument regarding whether his unexhausted claims are plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 276, (2005).[2]

It is therefore ordered that Petitioner's motion to stay (ECF No. 29) is denied without prejudice.

It is further ordered that Petitioner has 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer should contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

---

[2]The Court notes that Petitioner must choose one of the three options the Court has described. Pursuant to *Rhines*, 544 U.S. 269, this Court cannot adjudicate a mixed petition.

It is further ordered that Petitioner has 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this Order within the time permitted, this case may be dismissed.

DATED THIS 22nd Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3